IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Jermaine Spencer,** | Case No. 1: 22 CV 210 |
| **Plaintiff,** | |
| -vs- | JUDGE PAMELA A. BARKER |
| **Ed Sheldon,** *et al.***,** | MEMORANDUM OPINION AND ORDER |
| **Defendants.** | |

*Pro se* Plaintiff Jermaine Spencer, an Ohio prisoner currently incarcerated in the Toledo Correctional Institution, has filed a civil rights damages action pursuant to 42 U.S.C. § 1983 against multiple prison officials and employees alleging constitutional claims in connection with prison discipline. (Doc. No. 1.)[1] By separate order, Plaintiff has been granted leave to proceed *in forma pauperis*. For the following reasons, his Complaint is dismissed.

## Background

Plaintiff alleges that on December 28, 2019, while he was incarcerated in the Mansfield Correctional Institution, he was assaulted pursuant to a "Gang Hit" by two known blood gang members. (*Id.* at ¶¶ 17, 18.) He alleges he was "engaged with [his] two attackers when he was

---

[1] Plaintiff sues: Ed Sheldon (Warden), Scott Basquin (Administrative Assistant), James Pierce (Lieutenant), Lisa Booth (Institutional Inspector), Erica Bradley (Unit Manager), Kevin Shepard (Unit Manager), Vencot Brown (Chief Legal Counsel), Marc Bratton (Chief Inspector), Dave Bobby (Regional Director), and Ed Banks (Regional Director). (*Id.*)

grabbed from behind" by a corrections officer, who was breaking up the fight. (*Id*. at ¶ 19.) Because he feared for his life and was in "fight or flight" mode, he thought the officer was an attacker and "turned and lifted" the officer, but once he realized who the officer was, he "placed [the officer] on the ground" without harm. (*Id*. at ¶¶ 19, 20.)

As a result of this incident, Plaintiff was charged with rule violations, taken before the Rules Infraction Board (RIB), and found guilty of an assault on the officer and possessing a weapon that was retrieved from the scene, despite video footage which Plaintiff contends "never" shows he possessed the weapon. (*Id*. at ¶ 28.) He was sanctioned with placement in restricted housing, loss of property, and transfer to a more restrictive prison. (*Id*. at ¶ 34.)

Plaintiff contends, as he did in prison discipline proceedings, that he did not commit the conduct charged and that the weapon retrieved from the scene did not belong to him, but instead, was dropped by one of his attackers. He alleges the Defendants violated his constitutional rights to Due Process, Equal Protection, and to be free from cruel and unusual punishment under the Eighth Amendment in connection with the prison discipline and disciplinary proceeding.

**Standard of Review**

*Pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011). Nevertheless, federal district courts are expressly required to screen all *in forma pauperis* complaints, and all complaints in which "a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir.

2010); 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. While some latitude must be extended to *pro se* pleadings, courts are not required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008); *Thomas v. Brennan*, No. 1:18 CV 1312, 2018 WL 3135939, at *1 (N.D. Ohio June 26, 2018) (citing *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985) and *Erwin v. Edwards*, 22 Fed. App'x. 579, 580 (6th Cir. 2001)).

To survive a dismissal, an *in forma pauperis* prisoner "'complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Hill*, 630 F.3d at 470-71 (holding that the Fed. R. Civ. P. 12(b)(6) dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals for failure to state a claim under §§ 1915(e)(2)(B) and 1915A). "The factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, *i.e.*, more than merely possible." *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

### Discussion

Upon review, the Court finds that Plaintiff's Complaint must be dismissed. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts demonstrating that a person acting under color of state law violated his rights secured by the Constitution or laws of the United States. *West v.*

*Atkins*, 487 U.S. 42, 82 (1988). Plaintiff's Complaint fails to allege any plausible constitutional claim upon which he may be granted relief under § 1983.

First, Plaintiff fails to allege a plausible constitutional Due Process claim in connection with his prison discipline. "Prisoners have narrower liberty interests than other citizens as lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights." *Grinter v. Knight*, 532 F.3d 567, 573 (6th Cir. 2008), quoting *Sandin v. Conner*, 515 U.S. 472, 485 (1995) (internal quotation marks omitted). "The Due Process Clause standing alone confers no liberty interest in freedom from state action taken within the sentence imposed." *Sandin*, 515 U.S. at 480 (internal quotation marks and citation omitted).

In *Sandin*, the Supreme Court held that a prisoner can claim a protected liberty interest with respect to prison discipline in two circumstances: where the actions of prison officials "affect the duration," *i.e.*, extend the term of the prisoner's sentence, *id.* at 487; or, where the restraints imposed by the state amount to "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484. The Court held, however, that a 30-day period of confinement in disciplinary segregation for 23 hours and 10 minutes per day "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest" for an inmate serving an indeterminate sentence of 30 years to life. *Id.* at 486.

Thus, "[g]enerally, unless placement in disciplinary confinement is accompanied by a withdrawal of good time credits or is for a significant period of time that presents an unusual hardship on the inmate," no constitutionally-protected due process interest is implicated. *Ford v. Harvey*, 106 Fed. App'x 397, 399 (6th Cir. 2004) (a state prisoner's placement in disciplinary confinement and increased security classification status did not trigger constitutional due process protections). Further,

4

"[t]he Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). The Sixth Circuit has made clear that, unless to a "supermax" facility, an inmate's transfer to another prison does not give rise to a constitutional liberty interest. *Bell v. Wilkinson*, 145 Fed. App'x 169, 171 (6th Cir. 2005).

Here, the discipline Plaintiff alleges does not implicate constitutional due process concerns. He has not alleged a loss of good time credits, or disciplinary action that amounts to "atypical and significant hardship" in the context of prison life. *See Ford*, 106 Fed. App'x 397; *Bell*, 145 Fed. App'x 169.

Further, even assuming Plaintiff had a protected liberty interest, a federal court's ability to review prison disciplinary procedures is very limited, and a court must uphold a prison disciplinary board's determination as consistent with due process as long as the prisoner received basic procedural protections and the prison disciplinary committee's findings are supported by "some evidence" in the record. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445 at 455 (1985). "Some evidence," as its name suggests, is a lenient standard. *See Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). It is satisfied where "there is any evidence in the record that could support the conclusion reached by the disciplinary board," even when the evidence used against the prisoner "might be characterized as meager." *Hill*, 472 U.S. at 455, 457. Although Plaintiff contests the propriety of the disciplinary charges and determination against him, his Complaint does not allege cogent facts plausibly suggesting he was denied requisite basic procedural protections, and it is apparent that "some evidence" existed to support the disciplinary determination made.

Second, Plaintiff's Complaint fails to allege a plausible Equal Protection claim. The Equal Protection Clause prohibits discrimination by government which either burdens a fundamental right,

targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference." *Rondigo, L.L.C. v. Township of Richmond*, 641 F.3d 673, 681-82 (6th Cir. 2011) (citing *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 312 (6th Cir. 2005)). "The 'threshold element of an equal protection claim is disparate treatment[.]'" *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) (quoting *Scarbrough v. Morgan Cnty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006). Prisoners are not a suspect class, and "[i]n order for the actions of prison officials to rise to the level of a violation of the Equal Protection Clause, a prisoner must show that he or she was treated differently than similarly situated prisoners and that there was no rational basis for the difference in treatment." *Ervin v. Davis*, No. 2:16-cv-186, 2017 WL 2573251, at *4 (S.D. Ohio June 14, 2017) (Report and Recommendation). Plaintiff does not set forth any allegations in his Complaint plausibly suggesting that he was subjected to disparate treatment as compared to a similar-situated prisoner without rational basis as prohibited by the Equal Protection Clause.

Third, Plaintiff has failed to allege a cognizable claim to the extent he contends he was subjected to cruel and unusual punishment under the Eighth Amendment. To make out an Eighth Amendment claim, an inmate must demonstrate that he has been deprived "of the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Alleging that prison conditions "are restrictive and even harsh" is insufficient to state a claim because such conditions "are part of the penalty that criminal offenders pay for their offenses against society." *Id*. Rather, "extreme deprivations" are required. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) ("Because routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave

to form the basis of an Eighth Amendment violation.") (internal quotation marks and citations omitted). Plaintiff's allegations, complaining of discipline that does not rise to the level of atypical and significant hardship in relation to the ordinary incidents of prison life, do not reasonably suggest he has been subjected to cruel and unusual punishment within the meaning of the Eighth Amendment.

Finally, beyond failing to allege a plausible constitutional claim, Plaintiff's § 1983 Complaint is barred by the doctrine announced in *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), in which the Supreme Court held that a state prisoner's claim for damages is not cognizable under § 1983 if a judgment in favor of the prisoner on the claim would necessarily imply the invalidity of his conviction or sentence, unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated. *Heck* applies to prison disciplinary convictions. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997). Accordingly, to the extent judgment in Plaintiff's favor on his claims would necessarily imply the invalidity of the disciplinary determination made against him by RIB, his claims are not cognizable under § 1983 because he has not alleged or demonstrated that his conviction has been invalidated as required in *Heck*.

## Conclusion

For all of the foregoing reasons, Plaintiff's Complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: 6/2/2022

    s/*Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE